UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-1586(DSD/SER)

Frank M. Kaylor and
Elizabeth O. Wright,

                    Plaintiffs,

v.                                                      **ORDER**

Bank of America, N.A., a
corporation formed as a
national banking association;
Steven H. Bruns; Daniel Witt
Fram; Richard W. Stanek, in his
official capacity as Sheriff of
Hennepin County, Minnesota; and
John Does 1-10, persons and/or
entities unknown to plaintiff at
time of filing this Complaint,

                    Defendants.

        Frank M. Kaylor and Elizabeth O. Wright, 7535 Mark
        Street, Loretto, MN 55357, pro se.

        Andre T. Hanson, Esq., Ronn B. Kreps, Esq., Sparrowleaf
        D. McGregor, Esq. and Fulbright & Jaworski, LLP, 80 South
        Eighth Street, Suite 2100, Minneapolis, MN 55402; Jared
        M. Goerlitz, Esq. and Peterson, Fram & Bergman, 55 East
        5th Street, Suite 800, St. Paul, MN 55101; Charles H.
        Salter, Hennepin County Attorney's Office, A-2000, 300
        South 6th Street, Minneapolis, MN 55487, counsel for
        defendants.

        This matter is before the court upon the pro se motion to
remand by plaintiffs and the motion to dismiss by defendants.
Based on a review of the file, record and proceedings herein, and
for the following reasons, the motion to remand is denied and the
motion to dismiss is granted.

**BACKGROUND**

In this mortgage-foreclosure dispute, plaintiffs Frank Mahone Kaylor and Elizabeth O. Wright (collectively, homeowners) challenge foreclosure-by-advertisement proceedings by defendant Bank of America, N.A.  The homeowners also sue defendants Steven H. Bruns and Daniel Witt Fram, foreclosure counsel for Bank of America, and Richard W. Stanek, in his official capacity as sheriff of Hennepin County.

On August 6, 2003, Kaylor executed a promissory note secured by a mortgage of real property to nonparty America's Wholesale Lender.  Compl. ¶ 9; Hanson Decl. Ex. A, ¶ 1.  The mortgage was recorded on September 23, 2003, and Mortgage Electronic Registration Systems, Inc. (MERS) became the original mortgagee, as nominee for the lender.  Hanson Decl. Ex. B, at 1.  Kaylor defaulted, and by March 18, 2010, he was $29,352.47 in arrears. See Notice of Removal, Ex. 2, at 10.[1]

On May 30, 2008, Bruns, acting as vice president for MERS, assigned the mortgage to Countrywide Home Loans, Inc. (Countrywide). Hanson Decl. Ex. C. The assignment was recorded in Hennepin County on June 6, 2008.  Id.  On March 30, 2010, Bruns again attempted to assign the mortgage.  The designated assignee was BAC Home Loans Servicing, LP.  Id. Ex. D.  The assignment was

---

[1] This exhibit has no page numbers or Bates stamps.  As a result, the court uses the ECF pagination to identify pages within the exhibit.

recorded in Hennepin County on April 30, 2010. <u>Id.</u> On January 5, 2012, Carmeka Y. Johnson, assistant vice president for Countrywide, assigned the mortgage to Bank of America. <u>Id.</u> Ex. E. The assignment was recorded in Hennepin County on January 25, 2012. <u>Id.</u>

On February 21, 2012, Bank of America executed a notice of pendency of proceeding and named Peterson, Fram & Bergman, P.A., as foreclosure counsel. <u>See</u> <u>id.</u> Ex. F. This notice was recorded in Hennepin County on March 7, 2012. <u>Id.</u> Bank of America served a notice of mortgage foreclosure to the homeowners on March 28, 2012. <u>See</u> Notice of Removal, Ex. 2, at 6. Between March 27, 2012, and May 1, 2012, notice of foreclosure was published in *Finance and Commerce*. <u>Id.</u> at 4-5. The property was sold at a sheriff's sale on May 16, 2012. <u>Id.</u> at 16-17. The homeowners' six-month redemption period ended on November 16, 2012. <u>Id.</u> at 8.

The present action was filed in Minnesota court on May 15, 2012. The homeowners allege slander of title; a violation of Minnesota Statutes § 609.64; unjust enrichment; outrageous tortious conduct; deceit; and negligence by Bank of America, Bruns and Fram and Stanek. The homeowners also seek injunctive relief preventing Stanek from continuing foreclosure proceedings.

Bank of America moved to dismiss on July 20, 2012.  Bruns and Fram moved to dismiss on July 23, 2012.[2]  In response, the court scheduled oral argument for September 28, 2012.  The homeowners filed their opposition memorandum on September 24, 2012.[3]  On that same day, the homeowners also filed a motion for remand.  Oral argument was held as originally scheduled, and the court notified defendants that it would continue its decision on the motion to dismiss until the parties briefed the issue of remand.  Defendants filed a memorandum in opposition to remand on October 12, 2012.[4]  The homeowners did not file a reply memorandum.

---

[2] Bruns and Fram filed a motion for joinder in memorandum as to Bank of America's memorandum in support of dismissal.  See ECF No. 12.  The court grants this motion.

Also, on August 29, 2012, Stanek informed the court that he would maintain a neutral position in this matter.  See ECF No. 14. Because the homeowners seek no direct relief from Stanek, the court dismisses him from the action.

[3] Because the homeowners' opposition memorandum was untimely, Bank of America asked the court to consider its motion unopposed. Def.'s Reply Mem. 2.  Given that defendants were unprejudiced by the late filing and because the homeowners are pro se, the court will address the motion on its merits.  See Brannon v. Luco Mop Co., 521 F.3d 843, 847 (8th Cir. 2008) (noting that district courts "retain[] considerable discretion" over enforcement of local rules) (citation omitted).

[4] Bruns and Fram also filed a motion for joinder in memorandum as to Bank of America's memorandum in opposition to remand.  See ECF No. 21.  The court also grants this motion.

**DISCUSSION**

## I.  Motion to Remand

The court must resolve questions of jurisdiction before considering the merits of an action.  See Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir. 2001).  A plaintiff may move to remand an action removed to federal court if "it appears that the district court lacks subject matter jurisdiction" at any time before entry of final judgment.  28 U.S.C. § 1447(c).  The removing party bears the burden to establish the existence of subject-matter jurisdiction.  See Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005) (citation omitted). The court "resolve[s] all doubts about federal jurisdiction in favor of remand." Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

Jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship.[5]  In the present action, the homeowners argue that remand is necessary because (1) defendants removed the action more than thirty days after commencement and (2) diversity is lacking because Bruns, Fram and Stanek (collectively, non-diverse defendants) are all citizens of Minnesota.

---

[5] Both parties agree that the amount in controversy exceeds the jurisdictional amount.

**A.    Commencement**

The homeowners first argue that removal was untimely.  Removal is proper when "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief."   28 U.S.C. § 1446(b)(1).   "[D]efendant's time to remove is triggered by simultaneous service of the summons and complaint ... but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).  In Minnesota, a civil action is commenced "when the summons is served upon [the] defendant" or "at the date of acknowledgment of service if service is made by mail."   Minn. R. Civ. P. 3.01.  Where, as here, service occurs by mail, plaintiff must send a "copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 22 and a return envelope, postage prepaid, addressed to the sender."   Id. R. 4.05.   "If acknowledgment of service under this rule is not received by the sender within the time defendant is required by these rules to serve an answer, service shall be ineffectual."   Id.

In the present action, Bank of America was served on May 17, 2012, but never returned an acknowledgment form.  Mayes Decl. ¶ 3. As a result, even if the homeowners complied with the procedural

requirements of Minnesota Rule of Civil Procedure 4.05,[6] their service was ineffectual because Bank of America did not acknowledge service. As such, Bank of America's removal could not have been untimely. Therefore, the homeowners' argument is without merit, and remand to state court on untimeliness grounds is unwarranted.[7]

### B. Fraudulent Joinder

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted). The court "focuses only on whether a plaintiff might have a colorable claim under state law against a fellow resident" to determine whether a party is fraudulently joined. Wilkinson v. Shackelford, 478 F.3d 957, 964 (8th Cir. 2007) (citation and internal quotation marks omitted). In other words, joinder is fraudulent "only when there exists no

---

[6] The court notes that it is unclear whether the homeowners sent a copy of the summons and complaint by first-class mail or included an acknowledgment form with pre-paid envelope. See Mayes Decl. ¶ 2 (noting that service occurred by "Express Mail").

[7] The court also notes that the homeowners' motion to remand was untimely. This alone warrants dismissal. See Engh v. SmithKline Beecham Corp., No. 07-3483, 2007 WL 4179361, at *2 (D. Minn. Nov. 20, 2007) ("The Court will not entertain Plaintiffs' argument that remand in necessary due to untimeliness of the removal notice when Plaintiffs first raised the issue in its reply brief almost two months after the removal notice was filed."); see also 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal ....").

reasonable basis in fact and law supporting a claim against the resident defendants." <u>Id.</u> (citation and internal quotation marks omitted).

In the present action, there is no scenario in which the non-diverse defendants could be liable for slander of title, violation of Minnesota Statutes § 609.64, unjust enrichment, outrageous tortious conduct, deceit or negligence. As to Bruns's actions as foreclosure counsel for Bank of America, attorneys acting within the scope of employment are "immune from liability to third persons for actions arising out of that professional relationship." <u>McDonald v. Stewart</u>, 182 N.W.2d 437, 440 (Minn. 1970). Moreover, to the extent that the homeowners allege claims against Bruns, in his capacity as vice president of MERS, for the reasons set forth below, no claim for slander of title or negligence can exist because the complaint contains no facts to support the homeowners' legal contention that Bruns acted improperly. As a result, no reasonable basis in fact or law supports a claim against Bruns.

As to Fram, the homeowners allege no specific wrongdoing, and instead, argue that he is vicariously liable for "the acts and practices of defendant Bruns." Compl. ¶ 5. Because no reasonable claim exists against Bruns, Fram cannot be liable. Moreover, the homeowners allege no wrongdoing against Stanek and name him as a defendant only to place him on notice as to the "substantial issues in controversy" that exist. Compl. ¶ 6. As a result, no claim

exists against Stanek.  See Tully v. Bank of Am., N.A., No. 10-4734, 2011 WL 1882665, at *3-4 (D. Minn. May 17, 2011) (finding, in substantially similar case, that "joinder of Sheriff Stanek ... was fraudulent").  As a result, no reasonable claim exists against any non-diverse defendant.  Therefore, the non-diverse defendants were fraudulently joined, and remand for lack of diversity jurisdiction is unwarranted.

## II.  Motion to Dismiss

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  See Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim." Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings on a motion to dismiss under Rule 12(b)(6).  See Fed. R. Civ. P. 12(d).  The court may consider materials "that are part of the public record," Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999), and matters "necessarily embraced by the pleadings and exhibits attached to the complaint." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003).  In the present action, the court considers the note, mortgage, assignments and other foreclosure-related documents as they are necessarily embraced by the pleadings and many are public records.

### A.    Slander of Title

The homeowners first argue slander of title.  To state a claim for slander of title, a plaintiff must allege:

> (1) That there was a false statement concerning the real property owned by the plaintiff; (2) That the false statement was published to others; (3) That the false statement was published maliciously; and (4) That the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages.

Paidar v. Hughes,  615 N.W.2d 276, 279-80 (Minn. 2000) (citations omitted).  The filing of an instrument known to be inoperative is a false statement that, if done maliciously, constitutes slander of title.  Kelly v. First State Bank of Rothsay, 177 N.W. 347, 347

(Minn. 1920) (citations omitted).   In the present action, the homeowners' property was subject to two chains of assignment, and the court addresses each.

### 1.   Chain of Title Beginning May 30, 2008

The first chain of assignment began on May 30, 2008, when MERS transferred the mortgage to Countrywide, who later transferred the mortgage to Bank of America on January 5, 2012.[8]  See Hanson Decl. Exs. C, E.  As to this chain of assignments, the homeowners allege that (1) Countrywide had no ownership interest in the mortgage; (2) the mortgage was not properly perfected; and (3) the January 5, 2012, assignment was ineffectual because Johnson, the signatory for Countrywide, was not an officer.

### a.   No Ownership

The homeowners first argue that Bank of America "entered into a scheme to enrich" Countrywide.  Compl. ¶ 12.  In essence, the homeowners allege that America's Wholesale Lender did not assign its interest in the mortgage to Countrywide.  Id. ¶ 14.  As an initial matter, the court notes that it was not America's Wholesale Lender that assigned the mortgage to Countrywide; but rather, Bruns, acting as vice-president of the mortgagee MERS, who executed the assignment to Countrywide.   Next, as other courts have recognized, America's Wholesale Lender is an assumed name of

---

[8] This is the chain of assignment that led to the February 21, 2012, notice of pendency of proceeding and the sheriff's sale. See Hanson Decl. Ex. F.

Countrywide.  See DeVary v. Countrywide Home Loans, Inc., 701 F. Supp. 2d 1096, 1098 (D. Minn. 2010); cf. Hanson Decl. Ex. G (attaching public record from USPTO indicating that Countrywide owns "America's Wholesale Lender" mark).[9]   Therefore, the homeowners' claim fails.

### b.   Perfected Mortgage

The homeowners next argue that there was no mortgage, and if there was a mortgage, it remains unperfected.  Compl. ¶ 11.  The homeowners, however, fail to provide any factual support for their legal conclusion, and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Iqbal, 129 S. Ct. at 1949.  Moreover, the Hennepin County Recorder's Office recorded the mortgage pursuant to Minnesota Statutes § 386.41.  See Hanson Decl. Ex. B.  Indeed, when "an instrument bears the recording label required by section 386.41, that is presumptive proof that the instrument was properly recorded."  MidCountry Bank v. Krueger, 782 N.W.2d 238, 245 (Minn. 2010).  Therefore, the homeowners' claim fails.

### c.   Capacity of Assignee

The homeowners next argue that the January 5, 2012, assignment from Countrywide to Bank of America was invalid because Johnson was

---

[9] In their joint objection to dismissal, the homeowners reference cases where Countrywide argues that it is distinct from America's Wholesale Lender.  See Pls.' Joint Objection 3-5.  The homeowners do not, however, explain the context or applicability of these cases.

"a mere clerk" and not an officer.  Compl. ¶ 22.  As an initial
matter, the court notes that Johnson executed the assignment in her
capacity, as an assistant vice president and that the assignment
contains a Texas notary acknowledgment.  See Hanson Decl. Ex. E.
As a result, the homeowners' bald assertion that Johnson is only a
clerk is without merit.  See Bell v. Sharif-Munir-Davidson Dev.
Corp., 738 S.W.2d 326, 330 (Tex. Ct. App. 1987) ("Clear and
unmistakable proof that either the grantor did not appear before
the notary or that the notary practiced some fraud or imposition
upon the grantor is necessary to overcome the validity of a
certificate of acknowledgment." (citation omitted)).

Even if Johnson did not have authority to transfer the
mortgage, the homeowners' claim would still fail for lack of
standing.  The homeowners were not a party to the mortgage
assignment.  See Gerlich v. Countrywide Home Loans, Inc., No. 10-
4520, 2011 WL 3920235, at *3 (D. Minn. Sept. 7, 2011).  Therefore,
for this additional reason, the homeowners' claim fails.[10]

## 2.   Chain of Title Beginning March 30, 2010

The second chain of title began on March 30, 2010, when Bruns
attempted to assign the mortgage to BAC Home Loans Servicing, LP.

---

[10] At oral argument, the court ordered that the homeowners
strike footnote three in their supplemental objection due to its
inappropriate reference to Johnson.  The homeowners orally agreed
to strike and refile their supplemental objection.  No action was
taken, and the court now orders that the supplemental objection be
sealed.

Hanson Decl. Ex. D.[11]  Although this attempted transfer of title was inoperative, as MERS had already transferred title to Countrywide on May 30, 2008, it does not result in slander of title.  The homeowners cannot demonstrate malicious publication.

A malicious statement is a "groundless disparagement of the plaintiff's title or property" that is "made without probable cause."  Quevli Farms, Inc. v. Union Sav. Bank & Trust Co. of Davenport, Iowa, 226 N.W. 191, 192 (Minn. 1929).  To demonstrate malice on the part of Bank of America, the homeowners would have to show "[r]eckless disregard concerning the truth or falsity of a matter."  Brickner v. One Land Dev. Co., 742 N.W.2d 706, 711-12 (Minn. Ct. App. 2007) (citation omitted).  The homeowners allege no facts in the complaint to support an allegation of malice, and as a result, dismissal is warranted.

Even if the homeowners had pleaded malice, their slander of title claim would fail because no damages were pleaded as to the March 30, 2010, transfer.  "The utterance of a mere falsehood, however malicious, is not alone sufficient to sustain an action for slander of title or property; special damages are the gist of the action and without them the action cannot be maintained."  Quevli Farms, 226 N.W. at 192 (citation omitted).  The homeowners fail to allege specifically how they were damaged by the March 30, 2010,

---

[11]  This chain of assignment later led to two notices of pendency of proceedings, which were filed on April 30, 2010, and November 30, 2010.  Compl. ¶¶ 18, 24.

transfer, and "there is no presumption of damage" when a false transfer occurs.  Id.  Therefore, for this additional reason, dismissal of the slander of title claim is warranted.[12]

## B.   Minnesota Statues § 609.64

The homeowners next argue a violation of Minnesota Statutes § 609.64, which creates criminal liability for anyone who "intentionally presents for filing, registering, or recording, or files, registers, or records a false or forged instrument relating to or affecting real or personal property." Minn. Stat. § 609.64. The statute, however, does not create a private right of action. See Kunzer v. Magill, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) ("The presence of a criminal statute neither creates nor implies a corresponding private right of action." (citation omitted)). Therefore, dismissal of the § 609.64 claim is warranted.

## C.   Unjust Enrichment

The homeowners next argue that Bank of America was unjustly enriched.  A claim for unjust enrichment requires that "another party knowingly received something of value to which he was not entitled, and that the circumstances are such that it would be unjust for that person to retain the benefit." Schumacher v. Schumacher, 627 N.W.2d 725, 729 (Minn. Ct. App. 2001) (citation

---

[12] To the extent that the homeowners raise the same arguments for this chain of title as they did for the May 30, 2008, chain of title, the court, for the reasons already discussed, rejects these arguments.

omitted).  A claim for unjust enrichment fails, however, when a contractual relationship exists between the parties.  See U.S. Fire Ins. Co. v. Minn. State Zoological Bd., 307 N.W.2d 490, 497 (Minn. 1981) (dismissing unjust enrichment claim where valid contract formed).  In the present action, the parties' relationship was governed by their note and mortgage.  Therefore, dismissal of the unjust enrichment claim is warranted.

### D.  Outrageous Tortious Conduct

The homeowners next argue a claim for outrageous tortious conduct.  The court construes this as a claim for intentional inflection of emotion distress (IIED).  See Bellini v. Univ. of St. Thomas, No. C6-94-367, 1994 WL 425166, at *6 (Minn. Ct. App. 1994) (unpublished opinion) (construing claim for tort of outrage as a claim for IIED).

To establish IIED under Minnesota law, "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe."  Hubbard v. United Press Int'l, Inc., 330 N.W.2d 428, 438-39 (Minn. 1983) (citation omitted).  Conduct is considered extreme or outrageous only when it is "so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community."  Id. at 439 (citation and internal quotation marks omitted).  Although the complaint alleges monetary damages, the homeowners do not allege severe emotional distress.

See Elstrom v. Indep. Sch. Dist. No. 270, 533 N.W.2d 51, 57 (Minn. Ct. App. 1995) (citation omitted) (finding insomnia, crying spells, depression and fear of answering door and telephone insufficient to establish severe distress); see also Wittkowski v. PNC Mortg., No. 11-1602, 2011 WL 5838517, at *5 (D. Minn. Nov. 18, 2011) (dismissing claim for IIED in mortgage foreclosure context). Therefore, the IIED claim fails, and dismissal is warranted.

### E.   Deceit

The homeowners next argue a claim for deceit. The court construes this as a claim for fraudulent misrepresentation. Fraudulent misrepresentation requires that:

> (1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffer[ed] pecuniary damage as a result of the reliance.

Trooien v. Mansour, 608 F.3d 1020, 1028 (8th Cir. 2010) (quoting Hoyt Props., Inc. v. Prod. Res. Grp., L.L.C., 736 N.W.2d 313, 318 (Minn. 2007)). A plaintiff must plead fraud with particularity. See Fed. R. Civ. P. 9(b). To satisfy the heightened pleading requirement, a plaintiff must set forth the "who, what, when, where, and how" of an alleged fraud. United States ex rel. Joshi

v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006)
(citation omitted).   In other words, a plaintiff must plead "the
time, place and contents" of the false representations, the
identity of the individual who made the representations and what
was obtained thereby.  BJC Health Sys. v. Columbia Cas. Co., 478
F.3d 908, 917 (8th Cir. 2007).

The homeowners allege that defendants "manufactured false
documents" with the intent of stealing the homeowners' property.
Compl. Count 5, ¶ 39.[13]   First, it is unclear what documents
constitute the alleged false statement.   Further, even if there was
an intentionally false statement, there is no allegation that Bank
of America intended the homeowners to act in reliance, that the
homeowners actually acted in reliance thereon or that the
homeowners suffered damages as a result of any misrepresentation.
Therefore, the claim for fraudulent misrepresentation is without
merit, and dismissal is warranted.

## F.   Negligence

The homeowners next argue negligence on behalf of all
defendants.   The basis for the homeowners' claim is not entirely
clear, and the homeowners appear to rely on allegations in other
parts of their complaint.   See Compl. Count 6, ¶ 41 (arguing
negligence because the homeowners "repose[d] their faith, trust and

---

[13] The complaint contains several duplicitously numbered
paragraphs.   To avoid confusion, the court provides extra
clarification when necessary.

confidence" in Bank of America); <u>id.</u> Count 7, ¶ 43 (noting that Bruns and Fram are liable for their "pervasive and brazen pattern of deceitful misconduct"). A negligence claim requires "(1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) the breach of that duty being the proximate cause of the injury." <u>Louis v. Louis</u>, 636 N.W.2d 314, 318 (Minn. 2001) (citation omitted). The homeowners do not allege any of the elements to support a claim for negligence. Therefore, dismissal of the negligence claim is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.    The motion to dismiss by Bank of America [ECF No. 3] is granted;

2.    The motion to dismiss by Steven H. Bruns and Daniel Witt Fram [ECF No. 6] is granted;

3.    The motions for joinder in memorandum by Steven H. Bruns and Daniel Witt Fram [ECF Nos. 12, 21] are granted;

4.    The motion to remand by Frank Mahone Kaylor and Elizabeth O. Wright [ECF No. 16] is denied; and

19

     5.    The request to seal Frank Mahone Kaylor and Elizabeth O. Wright's supplemental objection and accompanying attachments [ECF No. 17] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 13, 2012

                                          s/David S. Doty_____
                                          David S. Doty, Judge
                                          United States District Court